IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:16-CV-276-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| DARRYL L. PENDER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the clerk on the Motion for Entry of Default [DE-7] filed by the United States. The motion is DENIED without prejudice.

The United States initiated this action on November 15, 2016 by filing a complaint [DE-1]. Summons for Defendant Darryl L. Pender were issued that same day [DE-3]. On January 31, 2017, the court received and filed a USM-285 from the United States Marshal Service [DE-4]. In the section on the USM-285 for instructions or information that will assist in expediting service, the United States Attorney's Office stated: "This office has attempted to serve Mr. Pender via certified US mail and SERVICE WAS REFUSED." In the section designated for completion by the United States Marshal, the deputy marshal listed the date and time of the alleged service on the defendant. The deputy marshal did not, however, mark anywhere in the certification section stating how the defendant allegedly was served or provide any additional remarks. The declaration of counsel for the United States [DE-7-1] filed in support of the Motion for Entry of Default relies wholly on the incomplete USM-285. In short, the record does not contain proof showing how Defendant Pender was served.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A defendant has no obligation to file and serve a responsive pleading until properly served. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A). Where, as here, the United States has not made the showing of proper service on the defendant, the clerk cannot find that entry of default is appropriate.

Accordingly, the Motion for Entry of Default [DE-7] is DENIED without prejudice to renew within 30 days. Any new motion for entry of default must be supported by proof of service as mandated by the Federal Rules of Civil Procedure.

SO ORDERED. This the 12 day of June, 2017.

Peter A. Moore, Jr.
Clerk of Court

2